NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JINHANG ZHANG,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>　　　　　　　Respondent. | No.　13-71861<br><br>Agency No. A087-813-968<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:　　RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jinhang Zhang, native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the filing of two separate asylum applications with inconsistent accounts of the circumstances leading to Zhang becoming Christian, which he alleged as the basis for the harm he suffered.  *See id*. at 1046-47 (although inconsistencies no longer need to "go to the heart" of the claim under the REAL ID Act, where an inconsistency does go to the heart of the claim, "it doubtless is of great weight").  Zhang's explanations do not compel a contrary result.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  We do not consider the materials Zhang references in his opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).  In the absence of credible testimony, in this case, Zhang's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Zhang's CAT claim also fails because it is based on the same testimony the agency found not credible, and Zhang does not point to any evidence that compels

13-71861

the conclusion that it is more likely than not he would be tortured if returned to

China. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**

13-71861